COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-235-CV
 
KING CONSULTANTS, INC. D/B/A                                         APPELLANTS
QUICKSILVER CONSTRUCTION, AND 
FRONTIER INSURANCE COMPANY
OF NEW YORK
 
V.
 
BEE EQUIPMENT SALES, INC.                                                    APPELLEE
 
------------
 
FROM THE 393RD 
DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION 
 


 
------------
        Appellee, 
Bee Equipment Sales, Inc. (Bee), filed suit against Appellants, King 
Consultants, Inc. d/b/a Quicksilver Construction (King) and Frontier Insurance 
Company of New York (Frontier), seeking payment under a public works bond for 
money owed to it for equipment used by King’s subcontractor Chad Lauderback 
d/b/a U.S. Excavations, Ltd. (Lauderback). After a bench trial on the merits, 
the court awarded Bee $45,000 plus interest and attorneys’ fees. King and 
Frontier appeal the judgment. Because we hold that the evidence is not legally 
sufficient to support the judgment, we reverse the trial court’s judgment and 
render judgment for Appellants.
I. Background Facts
        Bee 
and Lauderback entered into a series of equipment transactions during 1996 by 
which Lauderback obtained a loader, an excavator, and a tractor (the equipment) 
from Bee. The first transaction for the loader and excavator was documented by 
an agreement dated May 24, 1996 and entitled “Equipment Lease Agreement.” It 
contained on its face an option to purchase. Lauderback agreed to pay $5,000 per 
piece of equipment per month for an initial three-month term, and at the 
expiration of the initial term the lease would continue on a month-to-month term 
with an option to purchase. No written lease was executed for the tractor, but 
the parties orally agreed that Lauderback would also pay $5,000 per month on a 
month-to-month term with an option to purchase the tractor. Thus, Lauderback 
owed $15,000 per month for the equipment. The parties disagree about whether the 
equipment was leased or purchased.
        Lauderback 
obtained this equipment as the subcontractor to King, the general contractor on 
the project for Texas Women’s University in Denton. King obtained a 
statutorily-required public works bond through Frontier. 

 The bond was issued to insure payment to persons or 
 entities who provide materials and labor on the project and who have not been 
 paid.
        Because 
Lauderback had failed to make several scheduled payments on the equipment, Bee 
filed this lawsuit against King and Frontier, seeking to recover under the 
public works bond pursuant to section 2253.073 of the Texas Government Code. 
 

 After a bench trial on the merits, the trial court 
 entered a final judgment in favor of Bee. King and Frontier then appealed.
II. Legal Analysis

        In 
Appellants’ first issue, they argue that there is no evidence or insufficient 
evidence to support the trial court’s finding that Bee may recover under the 
payment bond because the transaction between Bee and Lauderback was an equipment 
purchase and not a lease.
A. Standard of Review

1. Legal Sufficiency

        In 
determining a “no-evidence” issue, we are to consider only the evidence and 
inferences that tend to support the finding and disregard all evidence and 
inferences to the contrary. 

 Anything more than a scintilla of evidence is legally 
 sufficient to support the finding. 

 More than a scintilla of evidence exists if the 
 evidence furnishes some reasonable basis for differing conclusions by 
 reasonable minds about the existence of a vital fact. 


        A 
“no-evidence” issue may only be sustained when the record discloses one of 
the following: (1) a complete absence of evidence of a vital fact; (2) the court 
is barred by rules of law or evidence from giving weight to the only evidence 
offered to prove a vital fact; (3) the evidence offered to prove a vital fact is 
no more than a mere scintilla of evidence; or (4) the evidence establishes 
conclusively the opposite of a vital fact. 


        When 
we sustain a “no-evidence” issue, it is our duty to render judgment for the 
appellant because that is the judgment the trial court should have rendered. 
 


2. Substantive Law
        Under 
Texas Government Code section 2253.001, a payment bond beneficiary may recover 
under a payment bond if the public work material supplied is “reasonable 
rental and actual running repair costs for construction equipment used, or 
reasonably required and delivered for use, directly to carry out work at the 
project site.” 

 U.C.C. section 1.201(37) 
 states, in part, that a lease is not a true lease but is, as a matter of law, a 
 security interest in goods being purchased if the initial lease term cannot be 
 terminated by the lessee, and “the lessee has an option to renew the lease 
 for the remaining economic life of the goods for no additional consideration or 
 nominal additional consideration upon compliance with the lease agreement,“ 
 or upon compliance with the lease, the lessee has “an option to become the 
 owner of the goods for no additional consideration or nominal additional 
 consideration.” 

 That is, the goods are 
 determined to be purchased, not leased, because the lease is, in effect, acting 
 merely as a security interest in the goods. 

 Only if the consideration is 
 not nominal does the determination of whether the lease was intended for 
 security become a question of fact. 


        Two 
tests are used to determine whether consideration is nominal. First, if “a 
comparison of the option price with the market value of the equipment at the 
time the option is to be exercised” shows that the lessee is acquiring the 
property at a substantially lower price, then the consideration is nominal. 
 

 Additionally, the 
 consideration is nominal if “the terms of the option are such as to leave the 
 lessee with no sensible alternative but to exercise the option.” 
 

 3. Application of the Law to the Facts
        Appellants 
argue that there is no evidence that Bee was a payment bond beneficiary entitled 
to make a claim under the payment bond. Rather, Appellants argue that Bee is not 
a payment bond beneficiary because the equipment transaction was a purchase 
disguised as a lease, and thus, Lauderback as a matter of law purchased the 
equipment; he did not lease it.
        Considering 
only the evidence presented that supports the finding that Bee leased the 
equipment to Lauderback, 

 we conclude that the lease 
 with option to purchase was not a true lease because Lauderback could become 
 the owner of the equipment for merely nominal consideration; the lease was a 
 security interest in the equipment purchased.
        Although 
Bee testified that the option to purchase was never exercised, there is no 
evidence in the record to show that under the terms of the lease, had Lauderback 
later elected to purchase the equipment, the consideration would not have been 
merely nominal. 

 In response to questions 
 about exercising the option to purchase the equipment, specifically including 
 how much consideration would be owed, Bee testified as follows:
Q. 
So if he had made his $5,000.00 payments a month for 19 months, the--all of that 
would apply to the purchase price; is that correct?
 
A.Yes.
 
Q.And 
since 100 percent had been applied to the purchase price, the balance would be 
zero?
 
A.No, 
sir.
 
Q.Okay. 
Well, then you would have the interest rate; is that correct?
 
A.Plus 
the interest and sales tax, yes, sir.
 
. 
. . .
 
Q.Okay. 
Now, obviously, the interest and the--the interest--if he had been paying for 19 
months, the interest that would have accrued during that 19 months would have 
been substantially less than [market value]; isn’t that right?
 
A.I 
would think so yes.

        Therefore, 
the only evidence presented conclusively confirms that, under the month-to-month 
term, if Lauderback had properly made all his rental payments for as long as it 
would take him to “pay off” the cost of the equipment, all the remaining 
consideration required for Lauderback to purchase the equipment would be the 
nominal interest and sales tax, nothing more. Furthermore, the record reflects 
that the interest and sales tax would be substantially less than the market 
value and would leave Lauderback no other reasonable option but to purchase the 
equipment. 

 Thus, the consideration was 
 nominal.
        Therefore, 
the “lease” fails to meet the test for nominal consideration. Consequently, 
the equipment transaction as a matter of law was not a lease but was merely a 
security interest in the equipment purchased.
 
 
 
 
 
 
 
 
 
III. Conclusion
        Because 
the transaction was not a lease, Bee was not a payment bond beneficiary under 
section 2253.001 of the Texas Government Code. We sustain Appellants’ first 
issue and do not reach Appellants’ remaining six issues. 

 We reverse the trial 
 court’s judgment and render judgment that Bee take nothing from Appellants.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
CAYCE, C.J. dissented without 
opinion.
DELIVERED: October 16, 2003